Judith Michaels Morrow (CSBN #115109)
400 Montgomery Street, Suite 810
San Francisco, CA 94104
Tel. (415) 781-5744
Fax (415) 392-8208
Email: judithmorrow@pacbell.net

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Alexey Stepanov,

    Plaintiff,

vs.

Michael Chertoff, Secretary, Department of Homeland Security; Alberto Gonzalez, Attorney General; Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services; F. Gerard Heinauer, Director, Nebraska Service Center, United States Citizenship and Immigration Services; and Robert S. Mueller, III, Director of Federal Bureau of Investigation.

    Defendants.

Case No.: C-07-2492
A 70 42

PLAINTIFF'S COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS

Plaintiff, Alexey Stepanov, by and through his undersigned attorney, sues Defendants and states as follows:

1. This action is brought against the Defendants to compel action on his application for lawful permanent resident status properly filed by the Plaintiff. The application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on this application to Plaintiff's detriment.

## PARTIES

2. Plaintiff Alexey Stepanov is a 41 year old native of Russia and citizen of Israel. On June 17, 2005, Plaintiff applied for adjustment of status based on an approved Application for Foreign Labor Certification and a concurrently filed immigrant petition for an alien worker. The immigrant petition was approved on August 17, 2005.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (hereinafter "DHS"), and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 U.S.C, §1103(a); 8 C.F.R. §2.1.

4. Defendant Alberto Gonzalez is the Attorney General of the United States. As such, he is responsible for, *inter alia,* controlling determination of all issues of law pertaining to immigration pursuant to 8 U.S.C. § 1103. He has delegated authority and responsibility to administer all laws pertaining to immigration, naturalization, and nationality to the Director of USCIS. § 1103(a)(1); 8 C.F.R. § 100.2; 6 U.S.C. § 271(b). The Attorney General is the head of the Department of Justice and as such, is responsible for administering the FBI, which is part of the Department of Justice. 28 U.S.C.A. § 503; 28 U.S.C.A. § 531.

5. Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (hereinafter "USCIS"), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision. Defendant Director is generally charged with the overall administration of benefits

and immigration services. 8 C.F.R. §100.2(a).

6. F. Gerard Heinauer is the Director of the Nebraska Service Center of the USCIS and is generally charged with supervisory authority over all operations of the USCIS regional services within the Nebraska region, with specific exceptions not relevant here, and supervisory authority over adjudication of such applications as may be transferred to the Nebraska Service Center by other regional USCIS service centers including the California Service Center. 8 C.F.R. §100.2(d)(2)(i). As will be shown, Defendant Director is the official with whom Plaintiff's Application for Adjustment of Status remains pending.

7. Defendant Robert S. Mueller, III, is Director of the Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of State. As it will be shown, Defendant has failed to complete the security clearances on Plaintiff's case.

## JURISDICTION

8. Jurisdiction is proper in this court, pursuant to 28 USC §1331 and 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to these statutes.

## VENUE

9. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 627 Alberta Ave., Sunnyvale, California, 94087, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

10. Plaintiff has exhausted his administrative remedies.

//
//

## CAUSE OF ACTION

11. On June 17, 2005, Plaintiff filed an application for adjustment of status at the California Service Center of the USCIS based upon a concurrently filed immigrant petition for alien worker. The immigrant petition was based on a previously approved application for foreign labor certification bearing a priority date of August 17, 2001. On August 17, 2005, the USCIS California Service Center approved the immigrant petition for an alien worker and an immigrant visa became available to Plaintiff and has been continuously available to Plaintiff since that time. In January 2006, Plaintiff through counsel made a case status inquiry on his application. He was informed that his FBI name check was pending and that this was the reason that a decision could not be made at that time. He has made multiple inquiries, through counsel, and with congressional assistance, since that time and has been informed that the sole reason that a decision cannot be made on his application is that his FBI name check remains pending. On March 2, 2007, Plaintiff's application was transferred from the USCIS California Service Center to the USCIS Nebraska Service Center for continued processing where it remains pending to the present time.

12. On March 20, 2007, Plaintiff's counsel sent a letter to F. Gerard Heinauer, Director of the USCIS Nebraska Service Center asking for adjudication of this application and informing him that Plaintiff would file a writ of mandamus if the case was not adjudicated within thirty days. On April 3, 2007, Plaintiff received a response from the USCIS Nebraska Service Center stating that the case could not be adjudicated because the necessary background checks had not been completed.

13. Defendants' refusal to act on this application is, as a matter of law, arbitrary and not in accordance with the law. Defendants unreasonably have delayed in and have refused to adjudicate Plaintiff's application for adjustment of status for almost two years, from the date of filing, thereby depriving him of the right to a decision on his application and the peace of mind to which Plaintiff is entitled.

14. Plaintiff has been damaged by the failure of Defendants to act in accord with their duties under the law.

   a. Plaintiff has had to apply for renewal of his work authorization three times at a cost of approximately $180.00 for each renewal because his application for permanent residence has not been adjudicated. Because work authorization is only issued for one year, he has to pay USCIS a fee to renew it if he wishes to work lawfully in the United States.

   b. Plaintiff has had to apply for three Advance Parole documents at a cost of approximately $170.00 per application so that he may travel abroad. It has been difficult to plan a trip for business or pleasure with the uncertainty of knowing when he would receive his permission to travel. abroad.

   c. Plaintiff has been deterred from seeking financing for the purchase of home because he is not a permanent resident of the United States.

   d. Plaintiff has been further damaged in that he has lost time in status as a permanent resident required to become eligible to apply for U.S. citizenship.

15. The Defendants, in violation of the Administrative Procedures Act, 5 USC §1701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's adjustment application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

## PRAYER

16. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

   a. requiring Defendants to expeditiously complete the Security Check on Plaintiff's application of adjustment of status;

   b. requiring USCIS to process the case to conclusion;

    c. awarding Plaintiff reasonable attorney's fees under the Equal Access to Justice Act;

    d. granting such other relief at law and in equity as justice may require.

Dated this 4th day of May 2007

Respectfully submitted,

*/s/ Judith Michaels Morrow*
Judith Michaels Morrow
Attorney for Plaintiff