1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
6      Telephone: (415) 436-6730
       FAX: (415) 436-6927
7
   Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEXEY STEPANOV,                              )<br>                                               )<br>          Plaintiff,                          )<br>                                               )<br>     v.                                       )<br>                                               )<br>MICHAEL CHERTOFF, Secretary,                   )<br>Department of Homeland Security; PETER         )<br>D. KEISLER,* United States Attorney            )<br>General; EMILIO T. GONZALEZ, Director,)<br>U.S. Citizenship and Immigration Services;    )<br>F. GERARD HEINAUER, Director,                  )<br>Nebraska Service Center, U.S. Citizenship     )<br>and Immigration Services; and ROBERT S.       )<br>MUELLER, III, Director, Federal Bureau of     )<br>Investigation,                                 )<br>                                               )<br>          Defendants.                         )<br>_____)  | No. C07-2492 RS<br><br>OPPOSITION TO PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT<br><br>Date:      October 24, 2007<br>Time:      9:30 a.m.<br>Courtroom: 4, 5th Floor |

## I. INTRODUCTION

Plaintiff moves the Court to grant summary judgment in his favor ("Plaintiff's Motion") and "enter an order requiring Defendants to expeditiously complete the name check clearance." He also asks the Court to require the United States Citizenship and Immigration Services ("USCIS") to process his application to conclusion. Plaintiff's claims must fail. First, the Court lacks jurisdiction

---

*Pursuant to Fed. R. Civ. P. 25(d)(1), Peter D. Keisler is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General.

OPPOSITION TO PLAINTIFF'S MOTION
C07-2492 RS

1  over Defendants Peter D. Keisler and Robert S. Mueller.  Second, Plaintiff has file his claim in the
2  wrong venue.  Regardless, the remaining Defendants have not unreasonably delayed action on
3  Plaintiff's application.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied.

## II.  ANALYSIS

### A.   THE ATTORNEY GENERAL AND THE FBI SHOULD BE DISMISSED

Courts in this district have recognized that since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act.  See 6 U.S.C. §§ 271(b)(5), 557.  Accordingly, the only relevant Defendants here are those within the Department of Homeland Security, and all other Defendants should be dismissed.  See Clayton v. Chertoff, et al., No. 07-cv-02781-CW, slip. op., at 13 (N.D. Cal. Oct 1, 2007).  Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007).  As a jurisdictional matter, this must be addressed before turning to the merits of Plaintiff's claims.  See Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubt about its jurisdiction over the subject matter . . . .").

### B.   VENUE IS IMPROPER

Defendants continue to assert that venue is improper in this district.  Where it so desires, Congress has enacted clear provisions allowing venue based on an alien's residence.  See 8 U.S.C. §§ 1252(b)(5)(B) (treatment of nationality claims), 1421(c) (review of denial of nationality claim), 1447(b) (petition for hearing on naturalization application), 1503(a) (proceedings for declaration of United States nationality); 28 U.S.C. § 1332(a) (providing that for the purposes of interpleaders and removable actions, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." (emphasis added); see also 8 U.S.C. § 1255a(f)(4)(C) (judicial review available regarding amnesty applications); Immigrant Assistance Project of Los Angeles County Fed. of Labor (AFL-CIO) v. INS, 306 F.3d 842, 868 (9th Cir. 2002) (discussing venue in context of a class action regarding the amnesty program).  There are no such provisions in the statutes at hand.  See 8 U.S.C. § 1255; 28 U.S.C. §§ 1361, 1391(e).  Accordingly, Plaintiff has failed to establish that he is exempt from the well-established rule that alien plaintiffs

1  may not base venue on their own residence.  See Miller v. Albright, 523 U.S. 420, 427 (1998)
2  (noting that once the alien's United States citizen father was dismissed from the action, venue in
3  Texas was improper, and case was transferred to the District Court for the District of Columbia, the
4  site of the Secretary's residence); Brunette Machine Works, LTD. v. Kockum Industries, Inc., 406
5  U.S. 706, 714 (1972) ("suits against aliens are wholly outside the operation of all the federal venue
6  laws"); Rogers v. Bellei, 401 U.S. 815, 820 (1971) (noting that in action filed by alien, under 28
7  U.S.C. § 1391(e), New York venue was improper); Blacher v. Ridge, 436 F. Supp. 2d. 602, 608
8  (S.D.N.Y. 2006) (discussing venue under § 1391(e) and concluding that "[a]lthough Blacher resides
9  in this District, she is an alien and has no residence for venue purposes.").  Plaintiff has failed to
10 establish that venue is proper; accordingly, the Complaint is subject to dismissal pursuant to Fed.
11 R. Civ. P. 12(b)(3).

12        C.    RELIEF IS NOT AVAILABLE UNDER THE APA

13        Plaintiff argues that because the processing of his application is outside the usual processing
14 times posted by USCIS, the delay in his case is presumptively unreasonable. Plaintiff's Motion, p.
15 5.  The processing times posted by the agency on its website apply to routine cases.  Here, as
16 explained in Defendants' Motion for Summary Judgment ("Defendants' Motion"), Plaintiff's case
17 is not a routine case due to the pendency of the name check.  See Defendants' Motion, Exh. A, pp.
18 7-8.  Moreover, Plaintiff's reliance on 8 U.S.C. § 1571 is misplaced, because the language is
19 precatory and therefore does not create an enforceable law.  See Wright v. City of Roanoke
20 Redevelopment and Housing, 479 U.S. 418, 432 (1987) (statute phrased in precatory terms does not
21 create a substantive right); Orkin v. Taylor, 487 F.3d 734, 739 (9th Cir. 2007) ("'Sense of Congress'
22 provisions are precatory provisions, which do not in themselves create individual rights, or, for that
23 matter, any enforceable law."); Defendants' Motion, pp. 9-10.

24        Plaintiff suggests that the absence of specific information explaining why the processing of
25 his case has "deviated so far from the norm" means that the delay is presumptively unreasonable.
26 Plaintiff's Motion, p. 6.  Plaintiff is not entitled to know the particularized details of any law
27 enforcement investigation.  FBI v. Abramson, 456 U.S. 615, 631-32 (1982) (holding that
28 "information initially contained in a record made for law enforcement purposes continues to meet

C07-2492 RS                                3

1   the threshold requirements of [5 U.S.C. § 552(b)(7)] where that recorded information is reproduced
2   or summarized in a new document prepared for a non-law-enforcement purpose."). Furthermore,
3   as recognized by the district court in Eldeeb v. Chertoff, No. 07cv236-T-17EAJ, 2007 WL 2209231,
4   (M.D. Fla. July 30, 2007), the fact the majority of cases are processed within a lesser time frame
5   "suggests that 100 percent of Name Check requests are initiated, and the requests without results
6   after six months are so because those particularly Name Check requests require more time to
7   investigate." Id. at *5. This also weighs against Plaintiff's argument that "Defendants have offered
8   no evidence to explain why the required clearance for Plaintiff's application" has taken more time
9   than usual. Plaintiff's Motion, p. 6.

10      The Director of the FBI Name Check Program has explained that "[f]or the name check
11  requests that are still pending after the initial electronic check, additional review is required. A
12  secondary manual name search completed typically within 30-60 days historically identifies an
13  additional 22 percent of the USCIS requests as having 'No Record,' for a 90 percent overall 'No
14  Record' response rate." Defendants' Motion, Exh. B, p. 6 ¶ 14. The remaining 10 percent are
15  identified as possibly being the subject of an FBI record. Id. At that point, the record must be
16  retrieved; if it is not an electronic record, it must be manually reviewed. Id. The FBI no longer
17  reviews only "main" files; rather, the name check search criteria now includes "reference" files. Id.,
18  pp. 6-7 ¶ 17. Thus, "[f]rom a processing standpoint, this mean[s] the FBI was required to review
19  many more files in response to each individual background check request." Id.

20      Furthermore, as a result of this expansion of the number of records searched, in December
21  2002 and January 2003, the predecessor agency to USCIS resubmitted 2.7 million name check
22  requests. Id. p. 7 ¶ 18. Of those 2.7 million resubmissions, over 440,000 indicated that the FBI
23  might have information relating to the subject. Id.. The FBI is still in the process of resolving those
24  440,000 requests, which has delayed the processing of regular submissions. Id., p. 7 ¶¶ 18-19.
25  These resubmission requests are not the only requests ahead of Plaintiff's June 2005 name check
26  request. For example, the FBI must first process name checks for people called up for the military,
27  those with medical emergencies, people who are on the verge of ageing out of eligibility, and
28  immigration lottery winners whose eligibility will expire at the close of the fiscal year. Id., p. 7 ¶ 20.

OPPOSITION TO PLAINTIFF'S MOTION
C07-2492 RS                                4

1  Moreover, the complexity of the review varies in each case. <u>Id.</u> Contrary to Plaintiff's argument, Defendants have submitted more than enough information to explain the delay in processing his case.

4  Plaintiff cites <u>Gelfer v. Chertoff</u>, No. C 06-06724 WHA, 2007 WL 902382 (N.D. Cal. Mar. 22, 2007) for the proposition that a delay of more than two years is unreasonable as a matter of law. Plaintiff's Motion, p. 8. However, that case decided a motion to dismiss and thus applied a different standard. <u>Gelfer</u>, 2007 WL 902382, at *2. Judge Alsup recognized that "[o]n this motion to dismiss, it is premature to consider the exact sources of the delay to determine whether the delay was <u>actually</u> unreasonable under the circumstances." <u>Id.</u> (emphasis added); see also <u>Agbemaple v. INS</u>, No. 97 C 8547, 1998 WL 292441 (N.D. Ill. May 18, 1998) (denying defendants' motion to dismiss).

12  The other cases cited by Plaintiff are inapplicable to the case at hand. <u>Paunescu v. INS</u>, 76 F. Supp 2d 896 (N.D. Ill. 1999), concerned eligibility to participate in the Diversity Immigrant Visa program, a program with a strict fiscal year time frame. In <u>Galvez v. Howerton</u>, 503 F. Supp. 35 (C.D. Cal. 1980), the plaintiffs established that the agency had twice improperly refused their applications. <u>Id.</u> at 37-38; see also <u>Yu v. Brown</u>, 36 F. Supp. 2d 922, 935 (D.N.M. 1999) (agency failed to notify applicant of problems with the application). Plaintiff makes no such allegations in the case at hand. Indeed, USCIS has made every effort to ensure that once the name check is complete, it will be able to act immediately. Defendants' Motion, Exh. A, p. 7 ¶ 15.

20  Plaintiff has failed to demonstrate that Defendants have unreasonably delayed action on his case. USCIS must await the results of the FBI name check before adjudicating Plaintiff's application. <u>Id.</u>, pp. 6-7 ¶ 13. The Court lacks jurisdiction to compel the FBI to expedite the name check. Compelling USCIS to process Plaintiff's application in a certain time frame would amount to compelling the FBI to exercise its discretion in a certain manner. Accordingly, relief is not available under the APA.

26  ///
27  ///
28  ///

D.  **MANDAMUS IS NOT AVAILABLE BECAUSE PLAINTIFF'S CLAIM IS NOT CLEAR AND CERTAIN**

Mandamus is reserved for those situations in which the plaintiff's claim is clear and certain. <u>Kildare</u>, 325 F.3d at 1078. Here, because Plaintiff has failed to establish that action on his application has been unreasonably delayed, he has failed to show that his claim is so clear and certain that mandamus is justified. Furthermore, USCIS has exercised its discretion in determining which name checks should be expedited. Defendants' Motion, Exh. C. Plaintiff's case meets none of these criteria. Accordingly, the Court should decline to issue a writ of mandamus.

### III. CONCLUSION

For the foregoing reasons, the Government respectfully asks the Court to dismiss Defendants Keisler and Mueller, and grant the remaining Defendants' motion for summary judgment as a matter of law.

Dated: October 3, 2007                                  Respectfully submitted,

                                                        SCOTT N. SCHOOLS
                                                        United States Attorney


                                                              /S/
                                                        MELANIE L. PROCTOR
                                                        Assistant United States Attorney
                                                        Attorney for Defendants