Judith Michaels Morrow (CA SBN #115109)
400 Montgomery Street, Suite 810
San Francisco, CA 94104
Tel. (415) 781-5744
Fax (415) 392-8208
Email: judithmorrow@pacbell.net

Attorney for Plaintiff
Alexey STEPANOV

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DISTRICT

| | |
|---|---|
| Alexey Stepanov,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Michael Chertoff, Secretary, Department of Homeland Security; Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services; Peter Keisler, Acting Attorney General; F. Gerard Heinauer, Director, Nebraska Service Center, United States Citizenship and Immigration Services; Robert S. Mueller, III, Director, Federal Bureau of Investigation<br><br>　　　　Defendants. | Case No.: C 07-02492 RS<br><br>PLAINTIFF'S REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT MEMORANDUM OF POINTS AND AUTHORITIES<br><br>**Magistrate Judge: Hon. Richard Seeborg**<br>**Date:　October 24, 2007**<br>**Time:　9:30 A.M.**<br><br>**Courtroom 4, 5th Floor** |

Plaintiff filed a motion for summary judgment for hearing on September 19, 2007. Defendants filed opposition and cross-motion for summary judgment on September 19, 2007. Plaintiff herein files his reply to the Defendants' cross-motion. Plaintiff Alexey Stepanov is entitled to summary judgment as a matter of law because Defendants have unreasonably delayed in processing Plaintiff's adjustment of status application as a matter of law.

Defendants' cross motion is based on four general grounds – that there is no basis for venue in this judicial district; that the relief sought is not available under the APA because Plaintiff purportedly seeks multiple actions; that Defendants' delay is reasonable under TRAC analysis, and that Plaintiff's claim is not clear and certain. Defendants also argue that the only relevant defendant is Michael Chertoff, the Secretary of Homeland Security, and move that all other defendants should be dismissed. Defendants' arguments are without merit and should not bar Plaintiff from the relief sought.

<u>Venue Is Proper In This Judicial District</u>

Defendants claim that this court may not grant relief because venue is not proper in this judicial district. (Def. Mo./ SJ at 6-7). In a "civil action in which a defendant is an officer or employee of the United States or any agency thereof, acting in his official capacity or under color of legal authority" venue may lie in any judicial district in which "(1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred…, or (3) plaintiff resides." 28 U.S.C. § 1391(e). Defendants argue that since none of the defendants reside in this district; further, since an alien, for purposes of establishing venue is presumed by law not to reside in any judicial district of the United States, and finally since the case was initially accepted in the Southern District of California has been transferred to Nebraska, there is no nexus to this judicial district sufficient to establish venue. This argument must fail.

Although it is true that Plaintiff's application was filed in within the jurisdiction of the Southern District of California and transferred to Nebraska, Plaintiff was required to appear periodically for fingerprinting and biometrics at an Application Support Center of USCIS located in San Jose, California. Fingerprinting and biometrics collection are a critical part of the adjustment application process and failure to comply may result in the application being deemed abandoned and consequently denied. (Pl. Exhibits 17, 18 "Fingerprint Notification letters") Further, the biometrics and fingerprinting process provides the data on security clearances are conducted. Accordingly, it is a substantial element of the events on which Plaintiff's claim is based and is sufficient to establish venue. *Ibrahim v. Chertoff* 06cv2071-L 2007 U.S. Dist.

LEXIS 38352 May 25, 2007 at *14 (characterizing appearing for fingerprinting and biometrics as "significant and material to Petitioner's claim").  The fact that other events have occurred in other judicial districts is beside the point.. "Under § 1391(e)(2), Petitioner is not limited to the district where the most substantial events or omissions giving rise to the action occurred. (citations omitted)". *Id.* at *14-15.  Further, although the court in *Ibrahim* was compelled to follow controlling authority on test (1), i.e., that, for venue purposes, nonresident aliens do not "reside" in any judicial district, it found this a particularly troubling conclusion where a plaintiff was filing a mandamus complaint precisely because he was seeking permanent residence.  "To deny the petition because Plaintiff has no residence for venue purposes in effect rewards Defendants for their delay in adjudicating the application." Id. at *12, n.3.  It nevertheless found Plaintiff's appearance for fingerprinting and biometrics collection at USCIS support centers located within the judicial district to sufficient to establish venue under the second test.  Similarly, in the present case, this Court may find venue proper as well.

### **Processing Plaintiff's Application To Completion Is A Discrete And Mandatory Act**

Defendants next claim that, as a matter of law, Plaintiff is not entitled to relief under the APA because he is asking this Court to direct Defendants to engage in multiple actions, including expediting the name check, setting a timeframe to complete adjudication, and possible investigation. (Def. Mo/ SJ at 7-8)  Defendants rely on the theory of multiple actions cited in *Norton v. Southern Utah Wilderness* to try to deny Plaintiff relief under the APA.  In that case, the Supreme Court examined the proper scope of mandamus action stating that a claim under §706(1) could proceed only where a plaintiff asserted that an agency failed to take a discrete agency action that it was required to take. *Norton v. Southern Utah Wilderness Alliance* 542 U.S. 55 (2004). "These limitations rule out several kinds of challenges. The limitation to discrete agency action precludes the kind of broad programmatic attack we rejected in *Lujan v. National Wildlife Federation* '

> [R]espondent cannot seek wholesale improvement of this program by court decree, rather than in the offices of the Department or the halls of Congress, where programmatic improvements are normally made. Under the terms of the

APA, respondent must direct its attack against some particular 'agency action' that causes it harm.'
*Id* at 64 quoting *Lujan v. National Wildlife Federation* 497 U.S. 871, 891 (1990). The Court held, inter alia, that the act sought to be compelled under 706(1) must be a specific, discrete action that is legally required. *Norton v. Southern Utah Wilderness* 542 U.S. at 66.

Defendants' reliance on the theory of discrete acts as the limiting case for mandamus actions in order to deny Plaintiff relief is misplaced. In the present case, Defendant USCIS has a legally required duty to process Plaintiff's application. He is asking this Court to direct Defendants to perform a specific duty legally owed to him and to render a discrete, specific decision – of whatever result – to which the law entitles him. 8 CFR §245.2(A)(5)(1) "The applicant shall be notified of the decision of the director, and if the application is denied, the reasons for the denial." Plaintiff does not seek not a broad, programmatic change to the security clearance process. He is asking the Court to direct Defendants to complete processing his application. Defendants' failure to adjudicate Mr. Stepanov's application in a timely fashion is "a discrete failure to act, rather than a broad a general deficiency in compliance, which was the unreviewable decision in *Norton*." *Cacace v. Swacina* 07-20410-civ-Jordan. May 17, 2007 (S.D. Fl 2007) at n.3.

**USCIS May Not Evade Its Duty to Adjudicate by Claims of the FBI's Discretion**

Defendants next assert that compelling the USCIS to process Plaintiff's application would interfere with the FBI's discretion in conducting name checks. (Def Mo./Summary Judgment at 8, ll 5-17). Defendants cite several cases from outside this district to claim that the FBI has wide discretion in determining the manner and speed with which it conducts names check and that defendant USCIS cannot interfere with the FBI's exercise of discretion. This argument is wholly without merit. The overwhelming weight of court decisions in this district and elsewhere shows in cases factually similar to Plaintiff's that the USCIS has a duty to plaintiff to process his adjustment application in a reasonable time and cannot lawfully invoke absolute discretion on its own behalf. *Qiu v. Chertoff*, 2007 WL 1831130, *2 n.3 (N.D. Cal. June 25, 2007). It cannot evade that plain duty by shifting responsibility to the FBI, argue that the FBI has discretion to proceed at whatever speed it deems appropriate, and in effect, try to trump its own duty by

arguing third party discretion. The critical issue is not whether a particular branch of government is responsibly for the delay; it is whether individual plaintiff versus the government *qua* government is responsible. *See Paunescu*, 76 F. Supp. 2d at 903 n.2. Further, it is not true that USCIS may not interfere with the FBI's discretion. In fact, as Defendants concede, the USCIS may and does request the FBI to expedite processing for a wide range of adjustment applicants, as it deems appropriate. (Def Mot./ SJ at 14, ll. 7-8; Def Ex. C, "USCIS Criteria to Expedite FBI Name Check")

**The FBI Owes a Plaintiff a Duty to Process his Name Check In a Reasonable Time**

Defendants have also moved for dismissal of the FBI from the instant case. (Def. Mot./ Summary Judgment at 5.) Plaintiff opposes Defendants' motion and states an APA claim against the FBI. Although cases in this district have found to the contrary, (*See Konchitsky v. Chertoff*, No. C-07-00294 RMW, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007); *Dmitriev v. Chertoff*, No. C-06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007), other authority provides a more detailed analysis to find that the FBI owes Plaintiff a duty under the APA.

An agency's mandatory duty to act may be expressed in a single statute or from several Congressional enactments which, read together, clearly imply a mandatory duty. *Kaplan v. Chertoff*, No. C06-5304, 2007 U.S. Dist. LEXIS 22935 (ED Pa 2007) The *Kaplan* court, after careful analysis of several congressional schemes, including Pub. L No. 101-515, 104 Stat, 2101, 2112 (1990) and 8 CFR §§ 316.4, 334.2 and 72 Fed. Reg. 4888-01 (proposed Feb 1, 2007), held that Congress has, by implication, imposed on the FBI, a mandatory duty to complete the background checks. As a result, the APA requires that the FBI complete the background checks in a reasonable time. Accordingly, the FBI should remain a defendant in this action. In a recent mandamus case in this District where a FBI name check caused a delay in processing, the Court granted summary judgment compelling the defendants to adjudicate two I-485 applications. *Singh v. Still* C 06-2458, 2007 U.S. Dist. LEXIS 16334 (N.D. Cal. 2007) The *Singh* court found that the CIS had a duty to process the applications and the FBI had a duty to process the name checks within a reasonable time, regardless of who was responsible for the delay. USCIS in that case attempted to place responsibility for the delay on the FBI's name check procedure but the

Court noted that "even if the FBI were largely responsible for the delay … its conduct would properly be within the scope of the complaint herein" *Id*. at \*4. See also *Paunescu* 76 F. Supp. 2d at 903 n.2.

## **Defendants' Delay in Adjudicating Plaintiff's Application is Unreasonable as a Matter of Law**

The gravamen of Defendants' argument, however, lies in an attempt to show that under TRAC analysis, USCIS's delay of more than two years in processing Mr. Stepanov's adjustment application is reasonable in light of national security concerns, burden on the agencies, and a fairness argument opposing "line cutting." (Def. Mot./ SJ at 8-15.) These arguments are without merit and should not bar Plaintiff from relief as a matter of law.

Defendants first attempt to dismiss the importance of Congressional expectation that adjustment applications should be processed to completion within 180 days from filing. (Def. Mot.)/ SJ at 7-10. While this remains a Congressional expectation, it is an expectation that courts have accorded some significance in applying a rule of reason. *Konchitsky v. Chertoff* 2007 WL 2070325 at \*4; *Liu v. Chertoff* S-06-2808 RRB EFB 2007 U.S. Dist. LEXIS 61772 (E.D. Cal. 2007) Aug. 22, 2007.

> While the mere passage of time does not necessarily constitute unreasonable delay, courts both in this district and elsewhere have required defendant agencies to provide a specific explanation of why plaintiff's application has pended so far outside normal processing times. "While Defendants have made general assertions regarding the delay, they have failed to point to any specific evidence suggesting that: (1) the delay is attributable to Plaintiffs; or (2) Plaintiffs' applications are particularly complex; or (3) higher priorities exist necessitating the slow progress in Plaintiffs' case. Moreover, Defendants have not pointed to … any particularized evidence explaining why Plaintiffs' applications require an extended delay of more than two and a half years, far beyond the 180 days recommended by Congress … Defendants, for instance, have not presented evidence showing that the FBI name check revealed a match or some other positive (derogatory) information … or that the case involves a time consuming and labor-intensive investigation or … complex, highly sensitive information precluding a quick resolution."

*Liu v. Chertoff* S-06-2808 RRB EFB 2007 U.S. Dist. LEXIS 61772 (E.D. Cal 2007) August 22, 2007. In the present case, there is no evidence in the record that the delay in processing can be

1 | attributed to Plaintiff.  *Compare Grinberg v. Swacina* 478 F. Supp. 2d 1350 (S.D. Fl Mar. 20,
2 | 2007) (CIS requested additional documents and required additional time to conduct
3 | investigation) *Razaq v. Poulos* 2007 WL 61884 at *9-*10  (Applicant had previously been
4 | removed from U.S. and had been beneficiary of successive spousal petitions; court found
5 | detailed USCIS investigation warranted); *Bartolini v. Ashcroft* 226 F. Supp. 2d 350, 354-355 (D.
6 | Conn. 2002) (CIS had received credible information of fraud which required investigation
7 | outside the U.S.; alien had failed to cooperate in application process.)

      In the present case, Defendants can identify nothing that makes Mr. Stepanov's case problematic or difficult, requiring special scrutiny.  Rather they can only speculate that once the name check is completed, an issue *might* materialize and require investigation. (Def. Mot./ SJ at Defendants have had more than two years to examine Mr. Stepanov's immigration record and biometric information.  He has traveled in and out of the United States numerous times, both as an adjustment applicant and as a nonimmigrant worker and has been admitted without difficulty. Defendants cannot credibly defend their past delay and justify its extension into an apparently In the cases cited *supra* where extended delays were found reasonable in light of complex issues, USCIS had identified cognizable facts that required further examination.  In the case at bar, Defendants have offered no facts concerning Mr. Stepanov's eligibility to adjust that might justify the delay in processing of his adjustment application.

      Defendants raise issues of national security to attempt to justify the prolonged delay in processing Mr. Stepanov's application. (Def Mot./ SJ at 11-12.)  However, mere invocation of national security is insufficient to justify the delay in adjudicating Plaintiff's application. *Singh v. Still* 2007 US. Dist. LEXIS 16334, at *4; *Konchitsky v. Chertoff* 2007 WL 2070325 at * 6; *Dong v. Chertoff* 07-cv-00266-SBA 2007 WL 2601107 N.D.Cal. Sep 06, 2007.   To raise issues of national security as a justification in delaying adjudication of a plaintiff's application, defendants should offer evidence showing of how national security issues are implicated specifically in the applications in question. *Konchitsky v. Chertoff* 2007 WL 2070325 at * 5; *Dong v. Chertoff* 07-cv-00266-SBA 2007 WL 2601107 N.D.Cal. Sep 06, 2007.  Further, if there

1  are legitimate national security issues to be investigated, this clearly militates in favor of prompt
2  security checks and not delays *Toor v. Still* 2007 WL 2028407, at *2 (N.D. Cal 2007)

3  In the present case, Defendants have not offered any evidence or explanation of any kind
4  of why Plaintiff's application is a complex or particularly difficult one or how it raises national
5  security issues. They are unable to point to any action taken to further processing of Mr.
6  Stepanov's application since processing was suspended pending completion of the name check.
7  Admittedly the file has been transferred from the California to the Nebraska Service Center for
8  workload allocation. (Pl. Ex. A "Heinauer Decl at 1-2 ¶3) However, this has only resulted in its
9  shift from a Service Center currently processing employment-based I-485 applications received
10 March 2007 to a Center reporting a processing date of December 21, 2006. (Pl. Ex. 19
11 "California Processing Times Report Sept. 15, 2007; Pl. Ex. 15 "NSC Processing Times Report).
12 Absent any particularized explanation of why Plaintiff's application requires investigation or
13 special scrutiny, Defendants' delay of more than two years in processing Mr. Stepanov's
14 application is unreasonable as a matter of law.

15 Defendants also attempt to justify the delay in processing Plaintiff's application because
16 of the volume of applications received and name checks requested. They point in particular to
17 the influx of 2.7 million re-submittals to the FBI approximately 18 months before Plaintiff's
18 name check was submitted. (Def. Mot./ SJ at 11, ll 8-9.) However this fails to explain why the
19 Service Center processing times reports show adjustment applications received 18-21 months
20 after Plaintiff's are currently being processed and the FBI continues to report completion of vast
21 majority of name checks within sixty days. (Def. Ex. B "Cannon Decl. at 5-6, ¶ 3). "Delays of a
22 significant magnitude, particularly when they occur over uncomplicated matters of great
23 importance to the individuals involved, may not be justified merely by assertions of overwork."
24 *Konchitsky v. Chertoff* 2007 WL 2070325 at *5 (citations omitted). See also *Yong Tang* 2007
25 WL 1821690 at *9. To hold otherwise would unfairly shift the costs of an over-taxed system
26 onto Plaintiffs. *Liu v. Chertoff* 2007 U.S. Dist. LEXIS 61772 at *21 and n. 11.

27 Defendants assert that ordering the processing of plaintiff's application would unfairly
28 disadvantage those without the means of filing mandamus actions. (Def. Mot./ SJ at 12-13.)

This argument should also fail. Plaintiff has seen thousands of applications filed after his that have been processed to completion. He has been waiting over two years for completion of a name check. Far from cutting in line, he is simply asking to be placed back in the queue. The fact that others are similarly deprived of their right to have their applications adjudicated in a timely fashion and may seek legal redress is hardly reason for this Plaintiff to be deprived of a remedy that is legally warranted.

Defendants next attempt to minimize the prejudice suffered by Mr. Stepanov by characterizing it as an inconvenience. (Def. Mot./ SJ at 11-12) In fact, courts have repeatedly recognized that have one's application for permanent residence suspended indefinitely exposes the alien to substantial harms "Because delays in the immigration arena affect human health and welfare, they are less tolerable than those that implicate only economic interests. *Singh v. Still* 470 F. Supp. 2d at 1069. See also *Liu v. Chertoff* 2007 U.S. Dist. LEXIS 61772 at *22; *Ibrahim v. Chertoff* 2007 U.S. Dist. LEXIS 38352 at *22.

Further, Defendants claim that processing on Plaintiff's application has been suspended and this court may not compel the USCIS to complete adjudication because no immigrant visa number is currently available to him and will not be until October 1, 2007. (Decl. Heinauer at 4 ¶9.) It is uncontested that Plaintiff's priority date is August 17, 2001 and that his classification is EB2/ "Aliens with advanced degree or exceptional ability." In fact, at the time that Plaintiff filed his complaint on May 9, 2007 an immigrant visa number had been continuously available to him since his June 2005 filing and remained so to the present with the exception of an approximately two week period in August 2007. It was also available in September 2007 when the Director of the Nebraska Service Center stated that no visa number was available until October 1, 2007 and processing had been suspended in part for that reason. (Pl. Ex. 19, "Visa Bulletin September 2007" showing EB2/ "Other Countries" current priority date in January 2007)

Finally, Defendants claim that inasmuch as the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act since March 1, 2003, the only relevant defendant is Michael Chertoff and have moved for the dismissal of all other defendants. USCIS is a division of the Department of Homeland Security charged with the

administration of its regulations and adjudication of matters before it. 6 U.S.C. §§271(b)(5), 557. As such, officers of the USCIS named in the complaint are proper defendants. The court in *Konchitsky* joined with numerous courts in finding that it was appropriate to compel *USCIS* (emphasis in the original) to expeditiously process an application that was delayed due to a pending name check (*Konchitsky v. Chertoff* 2007 WL 2070325 at * 6)

   Plaintiff filed his application for adjustment of status over two years ago.  Defendants have a clear duty to complete adjudication within a reasonable time.  Plaintiff has complied with the requirements for eligibility under the statute.  Defendants have provided no evidence contrary to Plaintiff's claim for the benefit he seeks and have provided no evidence to show that his particular application raises complex issues that warrant additional investigation.  Responsibility for the delay rests entirely with Defendants.  They have not shown that they have made reasonable efforts to complete processing on his application.  Absent the Court's order, the application is likely to continue pending without decision indefinitely.  Thus, Plaintiff has no other adequate remedy available.  The Mandamus Act and the APA provide a check on all Defendants for their failure to fulfill their duty to act on Plaintiff's application within a reasonable time.

Balancing the TRAC factors, as well as the routine nature of plaintiff's application for adjustment of status demonstrate that Defendants have delayed unreasonably in processing Plaintiff's adjustment of status application to completion. Beyond a transfer of Plaintiff's file from one Service Center to another, Defendants have submitted no evidence that they have taken any steps to advance completion of security clearances since the application was submitted in June 2005.  While they state that they have completed preliminary IBIS checks (Def. Ex. A Heinauer Decl. at 7, ¶16), there is no indication of when that was done and what, if anything, has been done to advance Mr. Stepanov's application since.  Defendants have offered no facts to explain why Mr. Stepanov's application might fall so far out of the normative processing time profile.  In the absence of any explanation to account for the delay that is particularized to Plaintiff's application, Defendants' delay of over two years in completing adjudication of Mr. Stepanov's application is unreasonable as a matter of law.

**CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant summary judgment as a matter of law in favor of the Plaintiff because the Defendants have unreasonably delayed in adjudicating his adjustment of status application.

Dated this 3rd[h] day of October, 2007                                  Respectfully submitted,

                                                                                                    /s/
                                                                                                    Judith Michaels Morrow
                                                                                                    Attorney for Plaintiff